**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TONYA OLIVER, RICARDO VALDES**
**CONSTANCE BERTUCA, AND H.O.,**

**Plaintiffs**

**v.** **CASE NO.**

**FOX WOOD AT TRINITY COMMUNITY**
**ASSOCIATION, INC., a Florida not for profit**
**Corporation, JOSEPH DEMYAN, MICHAEL MORGANTI,**
**TONY CANNARELLA, CHRIS MEHALSO,**
**LONNIE REDMON, DAVID JONES,**
**KIMBERLY DECUBBER, JOHN AUBREY,**
**DAVID YABLECKI, SANDRA HAYNES THOMAS, AND**
**RON JACKSON,**

**Defendants.**
_______________________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1. This is an action for monetary damages and declaratory relief brought by the Plaintiffs, who are the owner and prior occupants of the real property at issue.

2. The Plaintiffs allege claims pursuant to Defendant's violations of the Fair Housing Act, Title VII of the Civil Rights Act of 1968, as amended, 42 U.S.C.A. §§3601 et seq. (hereafter the "Act").

## JURISDICTION AND VENUE

3. Jurisdiction is conferred on the court by 42 U.S. C.A. §3613 and 28 U.S.C.A. §§ 1331 and 1343.

4. Venue is in the District Court of the Middle District of Florida, Tampa Division, where Defendants reside, own property, or have their principal place of business, and have sufficient contacts, pursuant to 28 U.S.C.A. § 1391(b) and (c).

## PARTIES

5. Tonya Oliver was the primary resident and tenant of the subject property located at 10637 Gooseberry Court, Trinity Florida from October 2012 through February 2017.

6. Ricardo Valdes was the fiancé and then husband of Tonya Oliver and was also a resident of the subject property located at 10637 Gooseberry Court, Trinity, Florida from December 2014 through February 2017.

7. Constance Bertuca was and is at all time material, the legal title owner and landlord of the property located at 10637 Gooseberry Court, Trinity, Florida and is the mother of Tonya Oliver, the mother-in-law of Ricardo Valdes and the grandmother of H. O.

8. H.O. is the minor child of Tonya Oliver who has been identified as a disabled individual. H.O. was also a resident of 10637 Gooseberry Court, Trinity, Florida from October 2012 through February 2017, where he resided with his mother Tonya Oliver and step-father, Ricardo Valdes.

9. Defendant Fox Wood at Trinity Community Association, Inc., a Florida not for profit corporation (the "Association") is a homeowners association with the obligation to enforce the Covenants, Conditions, and Restrictions and Rules and Regulations that encumber the Plaintiffs' home and all of the other homes within the Association property.

10. Defendant Joseph Demyan was and is an individual who resides in a home located within the Association property and was at all times material an officer and/or director of the Association.

11. Defendant Michael Morganti was and is an individual who resides in a home located within the Association property and was at all times material an officer and director of the Association.

12. Defendant Tony Cannarella was and is an individual who resides in a home located within the Association property and was during the years of 2014 through the present a director of the Association and during the years of 2016-2017, was an officer and director of the Association.

13. Defendant Chris Mehalso was and is an individual who resides in a home located within the Association property and was from 2013 through the present a director of the Association.

14. Defendant Lonnie Redmon was and is an individual who resides in a home located within the Association property and was during the years of 2013 through the present a director of the Association.

15. Defendant David Jones was and is an individual who resides in a home located within the Association property and was during the year of 2013, an officer of the Association, and during the years of 2013 through the present, was a director of the Association.

16. Defendant Kimberly DeCubber was and is an individual who resides in a home located within the Association property and was during the years of 2016 and 2017 an officer and director of the Association.

17. Defendant John Aubrey was and is an individual who resides in a home located within the Association property and was during the years of 2013 and 2014, an officer and director of the Association.

18. Defendant David Yablecki was an individual who resided in a home located within the Association property during a portion of the relevant time period and was during the years of 2012 and 2013 an officer and director of the Association.

19. Defendant Sandra Haynes Thomas was and is an individual who resides in a home located within the Association property and was during the year of 2012 an officer and director of the Association.

20. Defendant Ron Jackson was an individual who resided in a home located within the Association property and was during the year of 2012 a director of the Association.

**COUNT I – FAILURE TO MAKE REASONABLE ACCOMMODATIONS – PLAINTIFF TONYA OLIVER ON BEHALF OF PLAINTIFF H.O.**

21. The Plaintiffs incorporate herein paragraphs 1-20 as if fully set forth herein.

22. This is a claim by Tonya Oliver on behalf of her son, H.O. against the Defendants Fox Wood at Trinity Community Association, Inc., Joseph Deyman, Michael Morganti, Tony Cannarella, Chris Melhaso, Lonnie Redmon, David Jones, Kimberly DeCubber, John Aubrey, David Yablecki, Sandra Haynes Thomas, and Ron Jackson for their refusal to make a reasonable accommodation in their rules, policies, practices, or services, when such accommodations are required by 42 U.S.C. § 3604(f)(3)(B).

23. The Plaintiff, H.O., suffers a handicap within the meaning of 42 U.S.C. Section 3602, U.S.C. in that he suffers from physical and mental impairments which substantially limit

one or more major life activities. In particular, H.O. has been diagnosed with autism and a seizure disorder, among other physical ailments.

24. The Plaintiff, H.O., had a medical need for a handicap child sign to be erected outside of his home within the Association. Plaintiff H.O. required the handicap child sign to alert drivers to the need for special care in the event that Plaintiff H.O. was outside playing in his yard.

25. In September 2012, Plaintiff Tonya Oliver contacted the property management company for the Association by phone and asked them what she needed to do to get a handicap child sign erected on her street.

26. In September 2012, Plaintiff Tonya Oliver also contacted Pasco County officials to inquire into the erection of the handicap sign on her street. Pasco County officials advised her that she needed to obtain the written permission of the Association in order for them to erect the sign.

27. On October 20, 2012, Plaintiff Tonya Oliver followed up in writing, on her prior request to have the handicap street sign erected. A true and correct copy of the October 20, 2012 letter is attached as Exhibit "A" herein. The Association did not respond to reasonable request for an accommodation.

28. On or before May 31, 2013, Plaintiff Tonya Oliver purchased a trained Service Animal to act as an aid for her son H.O. Said dog was trained to assist H. O. in detecting seizures and was purchased to aid H. O. in one or more of his life activities so that he could more fully enjoy his home.

29. On May 31, 2013, Plaintiff Tonya Oliver prepared and sent a letter to the Association seeking a reasonable accommodation from the Association on behalf of her disabled

son, H. O. The reasonable request for an accommodation sought to fully enclose the yard so that Plaintiff H.O. and his Service Dog could train and bond together. No response was received from the Association as to the fence accommodation request, and instead, two Notices of Non Compliance were received on April 8, 2014 and June 2, 2014, in retaliation, claiming that Plaintiff Tonya Oliver had left her garbage out overnight in violation of the Association's requirements. A true and correct copy of the May 31, 2013 letter and modification application is attached as Exhibit "B" herein.

30. Between the dates of May 31, 2013 and July 3, 2014, Plaintiff Tonya Oliver made several calls to the management company for the Association in order to obtain their approval for the requested sign and fence, but she was unable to get the Association's permission to erect the sign or to alter her property to accommodate the Service Animal.

31. On July 3, 2014, Plaintiff Tonya Oliver was visited by Officer Douglas of the Pasco County Animal Control Office who advised her that he had received complaints from neighbors regarding her alleged mistreatment of the Service Animal. Officer Douglas inspected the area where the Service Animal was kept, as well as the dog himself and found the neighbors' reports to be unfounded.

32. On March 14, 2015, Plaintiff Tonya Oliver again reiterated her requests for the reasonable accommodations of a handicap sign to be installed on her street and for a section of fence to be added to the yard to enclose it in order to allow for the training and bonding of H.O. with his Service Animal. This renewed request was made by certified letter to the Association and was signed for as received by the Association, but no response was received by Plaintiffs on their reasonable requests for accommodation. True and correct copies of the March 14, 2015 letter and proof of mailing are attached hereto as Composite Exhibit "C" herein.

33. Ten days later, on March 24, 2015, in apparent retaliation for her continuing requests for accommodation, Plaintiff Constance Bertuca received a Notice of Non Compliance alleging that Plaintiff Tonya Oliver's boat and truck were parked on the street overnight for three consecutive weekends and that the boat was washed on the lawn in violation of the Association's requirements. A true and correct copy of the Notice of Non Compliance is attached hereto as Exhibit "D" herein.

34. On March 31, 2015, Plaintiff Tonya Oliver sent another letter to the Association requesting that all future communication and correspondence be sent to her along with a copy of the current Association Rules and Regulations and a list of all residents who had received fines. Instead of a response received from the Association, the Association sent the matter to their General Counsel Anne Malley for handling. Attorney Malley contacted Plaintiff Tonya Oliver by telephone. Plaintiff Tonya Oliver repeated her prior requests for reasonable accommodations as to the handicap child sign and the fence enclosure to Ms. Malley, but her requests for reasonable accommodations were not responded to by either the Association or the Association's agent and General Counsel, Anne Malley. A true and correct copy of this letter is attached hereto as Exhibit "E" herein.

35. During the March 31, 2015 call, Attorney Malley advised Plaintiff Tonya Oliver that she could schedule a viewing of the Association records by calling Linda Aubrey, LCAM, the property manager. Plaintiff Tonya Oliver made several attempts over the following three months to coordinate this inspection but Ms. Aubrey has failed or refused to speak to her or to schedule the inspection and the inspection never took place. True and correct copies of the email exchanges evidencing this matter are attached as Composite Exhibit "F" herein.

36. Then on June 15, 2015, the Association sent out a Statutory Offer to Participate in Pre-suit Mediation. Plaintiffs believed this Statutory Offer to Participate in Pre-suit Mediation was sent in retaliation for Plaintiffs' requests for a reasonable accommodation and was meant to intimidate them. Plaintiffs agreed to participate in the hopes of resolving their requests for accommodations, but no agreement was entered into as the mediation. A true and correct copy of the Statutory Offer to Participate in Presuit Mediation is attached as Exhibit "G" herein.

37. Plaintiff Tonya Oliver's requests for reasonable accommodations for the handicap sign and the fence, despite having been made repeatedly, were not responded to, so a Complaint was filed with the Department of Housing and Urban Development ("HUD") in Atlanta, GA. The Complaint was deemed accepted by HUD on March 16, 2016 and was forwarded on to the Florida Commission on Human Relations ("FCHR"). A true and correct copy of the Statutory Offer to Participate in Presuit Mediation is attached as Exhibit "F" herein. FCHR investigated the matter and issued a Notice of Determination of No Cause on August 3, 2016. Plaintiff Tonya Oliver filed and served a timely Petition for Relief which was accepted by FCHR and forwarded to the Department of Administrative hearings. Case No. 16-5082 was assigned to the matter and the matter moved forward toward a Final Hearing, which is currently scheduled for March 31, 2017 in this matter. However, Plaintiffs have determined that they wish to have their case tried in this Court and are seeking a stay on the Florida Commission on Human Relations matter Case No. 16-5082 below.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Assume jurisdiction of this action; and

(b) Declare the Defendants' actions complained about herein to be in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C.A. § 3604(f)(3)(B);

(c) Award appropriate punitive and compensatory damages to Plaintiffs and against Defendants; and

(d) Award Plaintiffs' attorney fees and costs pursuant to 42 U.S.C.A. §3613(c)(2); and

(e) Provide other such and further relief as this Court deems just and proper.

**COUNT II – RETALIATION – PLAINTIFF TONYA OLIVER ON BEHALF OF PLAINTIFF H.O. AND PLAINTIFF CONSTANCE BERTUCA**

38. Plaintiffs incorporate herein paragraphs 1-20 and 23-37 as if fully set forth herein.

39. This is a claim by Plaintiffs Tonya Oliver on behalf of Plaintiff H.O. and Plaintiff Constance Bertuca for "retaliation" against the Defendants Fox Wood at Trinity Community Association, Inc., Joseph Deyman, Michael Morganti, Tony Cannarella, Chris Melhaso, Lonnie Redmon, David Jones, Kimberly DeCubber, John Aubrey, David Yablecki, Sandra Haynes Thomas, and Ron Jackson for pursuant to 42 U.S.C. Section 3617.

40. 42 U.S.C. Section 3617 states that it is unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [inter alia, section 3604] of this [Act]."

41. Plaintiffs two requests for reasonable accommodations, one for the erection of a handicap sign and one for permission to add a third section of fence in order to fully enclose their

yard for the purpose of training Plaintiff H.O.'s Service Dog were ignored by the Association despite having been made multiple times.

42. On July 3, 2014 after two written requests and multiple telephone requests for the reasonable accommodations for a Service Dog, complaints were made by an anonymous person(s) to the Pasco County Animal Control Services Office who came out to the property to inspect the premises and the Service Animal. This action was believed to have been taken by an agent of the Association and/or one or more homeowners working in conjunction with the Association, in retaliation for the requests of the Plaintiffs for reasonable accommodations.

43. On March 9, 2015, June 14, 2016, and October 24, 2016, Plaintiffs were issued three separate violation notices on the topics of an alleged improperly parked truck, improper installation of a fence, and barking dogs. All three Notices of Non Compliance are believed to have been issued by the Association on the basis of retaliation.

44. On June 15, 2015, Plaintiffs were issued a Statutory Offer to Participate in Pre-suit Mediation. Upon information and belief, this Pre-suit Mediation request was made in an effort to intimidate Plaintiffs or to retaliate against them for making and pressing their requests for reasonable accommodations.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Assume jurisdiction of this action; and

(b) Declare the Defendants' actions complained herein to be in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C.A. § 3617, et seq.; and

(c) Order Defendants to take appropriate affirmative action to insure that the activities complained of are not engaged in again by Defendants, their agents, employees and successors from discriminating against any person in violation of the Fair Housing Act of 1968, as amended; and

(d) Award appropriate punitive and compensatory damages to Plaintiffs and against Defendants; and

(e) Award attorneys fees and costs pursuant to 42 U.S.C.A. § 3613(c)(2); and

(f) Provide any such other and further relief as this Court deems just and proper.

**COUNT III – DISCRIMINATION –RACE OR COLOR AND NATIONAL ORIGIN – AS TO PLAINTIFFS TONYA OLIVER, RICARDO VALDES AND CONSTANCE BERTUCA**

45. Plaintiffs incorporate herein paragraphs 1-20, 23-37, and 40-44 as if fully set forth herein.

46. This is a claim for discrimination against the Defendants Fox Wood at Trinity Community Association, Inc., Joseph Deyman, Michael Morganti, Tony Cannarella, Chris Melhaso, Lonnie Redmon, David Jones, Kimberly DeCubber, John Aubrey, David Yablecki, Sandra Haynes Thomas, and Ron Jackson on the basis of discrimination as to race or color and/or national origin in violation of 42 U.S.C. Section 3604(b).

47. In December 2014, Plaintiff Ricardo Valdes came to live on the subject property within the Association. Plaintiff Ricardo Valdes is dark-skinned and is of Cuban descent.

48. Plaintiff Ricardo Valdes is the grandfather to five granddaughters all of whom share his ethnic make-up and dark skin.

49. On or about June 26, 2015, Plaintiff Tonya Oliver drove Plaintiff Ricardo Valdes's granddaughters to their home within the Association. Upon their arrival, Plaintiff Tonya Oliver observed a neighbor, Kenneth Ogrin standing outside of his home. As Plaintiff Tonya Oliver assisted Plaintiff Ricardo Valdes's granddaughters out of the car, she heard Kenneth Ogrin state in a loud voice "why are all of these white women marrying these black men and Mexican men?" Plaintiff Tonya Oliver hurried the girls into her home in an attempt to shield them from the discriminatory racial/national origin comments made by Kenneth Ogrin. At the time that the racially discriminatory comments were made, Plaintiffs lived next door to a mixed-race couple (one of whom was black and one of whom was white). Upon information and belief, Plaintiff Tonya Oliver took Kenneth Ogrin's statement to mean that he was referring to her and Ricardo, as well as her neighbors. Upon information and belief, the Association has cooperated with Kenneth Ogrin and his wife, Marlena Ogrin to obtain grounds for Notices of Non Compliance which were issued to Plaintiffs

50. After the discriminatory racial/national origin comments were made, Kenneth Ogrin remained outside of his home and took photographs of Plaintiff Ricardo Valdes's son C. V. Kenneth Ogrin has been seen multiple times outside of the Plaintiffs' home taking pictures of the children.

51. On December 15th, 20th, and 30th, Plaintiff, by and through their counsel performed an inspection of the Official Records of the Association. Upon information and belief multiple documents exist which indicate the involvement of Kenneth Ogrin, Marlena Ogrin, and other residents of the Association in the retaliation against Plaintiffs. Additionally, all records from the six of Plaintiffs' neighbors' lot files had been stripped of documents and all formal attempts to obtain said relevant documents have failed in the DOAH action below. Upon

information and belief Plaintiffs believe this activity, in collusion with the Association, to be discriminatory and based upon the race and/or national origin of Plaintiff Ricardo Valdes and his son C.V. and granddaughters. True and correct copies of the complaints lodged against Plaintiffs by other homeowners, as well as photographs of the empty lot file folders of Plaintiffs' neighbors are attached hereto as Composite Exhibit "H" herein.

52. As a result of the discrimination perpetrated upon the Plaintiffs, they were compelled to move out of the Association and to buy a house in a neighborhood which is free from the discrimination they have suffered while living within the Association.

53. Due to the discrimination, Plaintiffs have been damaged, including attorney fees and costs. In addition, they have endured great emotional distress, fear, and embarrassment and as a result, have been deprived of their rights to equal housing opportunities.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Assume jurisdiction of this action; and

(b) Declare the Defendants' actions complained herein to be a violation of the Fair Housing Act of 1968, as amended, 42 U.S.C.A. §3604(b), et seq.; and

(c) Order Defendants to take appropriate affirmative action to insure that the activities complained of are not engaged in by Defendants or any of their agents; and

(d) Award appropriate punitive and compensatory damages to Plaintiffs and against Defendants; and

(e) Award attorneys fees and costs pursuant to 42 U.S.C.A. § 3613(c)(2); and

(f) Provide any such other and further relief as this Court deems just and proper.

**COUNT IV – PENDENT CLAIM FOR BREACH OF FLORIDA STATUTE 720.303(5) - PLAINTIFF TONYA OLIVER ON BEHALF OF CONSTANCE BERTUCA**

54. Plaintiffs incorporate herein paragraphs 1-20, 23-37, 40-44, and 47-54 as if fully set forth herein.

55. This is a pendent claim by Plaintiff Tonya Oliver on behalf of Plaintiff Constance Bertuca against the Defendants Fox Wood at Trinity Community Association, Inc., Joseph Deyman, Michael Morganti, Tony Cannarella, Chris Melhaso, Lonnie Redmon, David Jones, Kimberly DeCubber, John Aubrey, David Yablecki, Sandra Haynes Thomas, and Ron Jackson for breach of the Association's duty under Florida Statute Section 720.303(5) to allow inspection of the Official Records of the Association.

56. Beginning on March 31, 2015, Plaintiff Tonya Oliver, on behalf of Plaintiff Constance Bertuca, requested documents from the Official Records of the Association by letter, email, and telephone call. These multiple requests are memorialized in Exhibits "D" and "E" herein. Despite Plaintiff Tonya Oliver's multiple requests for documentation or an inspection of the Official Records of the Association, the Association and its agents failed and/or refused to provide Plaintiff Tonya Oliver on behalf of Plaintiff Constance Bertuca with those documents or an opportunity to inspect same.

57. Defendant Association's failure and/or refusal to allow access to these records if a Breach of the requirements of Florida Statute 720.303(5) which breach carries with it a penalty of $50.00 per day.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Assume jurisdiction of this action; and

(b) Declare the Defendants' actions complained herein to be a violation of Florida Statute Section 720.303(5); and

(c) Award appropriate punitive and compensatory damages to Plaintiffs and against Defendants; and

(e) Award attorneys fees and costs pursuant to 42 U.S.C.A. § 3613(c)(2); and

(f) Provide any such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues.

Date: 3/9/2017

/S/Erica Lynn Peterson

Erica Lynn Peterson
FL Bar No. 61179
Jonathan James Damonte, Chartered
12110 Seminole Boulevard
Largo, FL 33778
(727) 586-2889 – Telephone
(727) 581-0922 – Fax
epeterson@damontelaw.com – Primary Email
pleadings@damontelaw.com – Secondary Email
Attorney for Plaintiffs