# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TONYA OLIVER, CONSTANCE
BERTUCA and H.O.,

    Plaintiffs,

v.                                                                                                Case No: 8:17-cv-585-T-30AAS

FOX WOOD AT TRINITY
COMMUNITY ASSOCIATION, INC.,
JOSEPH DEMYAN, MICHAEL
MORGANTI, TONY CANNARELLA,
CHRIS MEHALSO, LONNIE REDMON,
DAVID JONES, KIMBERLY
DECUBBER, JOHN AUBREY, DAVID
YABLECKI, SANDRA HAYNES
THOMAS and RON JACKSON,

    Defendants.
_____

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 26) and Plaintiffs' Response in Opposition (Doc. 33). Upon review, the Court concludes that Defendants' motion should be granted.

## BACKGROUND

Plaintiff Bertuca used to own a property in a development with a homeowners' association—Fox Wood at Trinity Community Association, Inc. ("the Association"). Plaintiffs Oliver and H.O. are former tenants of Bertuca's who resided at the property. Plaintiffs are suing the Association and eleven of its past and present officers for failing to allow reasonable accommodations requested for H.O.'s disability (Count I), retaliating

against them for requesting the reasonable accommodations (Count II), and refusing to allow them to inspect records maintained by the Association (Count III). Plaintiffs filed their initial complaint (Doc. 1) on March 10, 2017 and an amended complaint (Doc. 17) on March 24, 2017.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint when it fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). It must also construe those factual allegations in the light most favorable to the plaintiff. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (internal citation omitted).

To withstand a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pleadings that offer only "labels and conclusions," or a "formulaic recitation of the elements of a cause of action," will not do. *Twombly,* 550 U.S. at 555.

## DISCUSSION

Defendants argue that the Court should dismiss the First Amended Complaint because it is a shotgun pleading that (1) incorporates by reference all facts alleged and (2)

improperly lumps all Defendants together. The Court agrees with Defendants' second argument.

The Eleventh Circuit has instructed that "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" is improper. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). This kind of shotgun pleading "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*.

Here, Plaintiffs have filed three claims against the twelve Defendants. Throughout the First Amended Complaint, Plaintiffs refer to Defendants collectively and allege that "Defendants" engaged in each action that forms the basis for their claims. Some of these actions related to Defendants' duties as officers of the Association; others, like allegedly using neighbors' yards to spy on Plaintiffs' property and advising Plaintiffs' neighbors to file complaints against them, did not. Plaintiffs do not distinguish between Defendants in their factual allegations, even though it is apparent that not all Defendants could have participated in every act complained of (e.g., because the individual Defendants served as officers of the Association at different times). Plaintiffs must specify which of the twelve Defendants they believe engaged in which conduct so that Defendants have fair notice of the claims against them.

If Plaintiffs do not yet know which, if any, of the individual Defendants engaged in the alleged discriminatory conduct, they should remove them from their lawsuit. If Plaintiffs learn during discovery that officers of the Association were personally involved

in discriminatory conduct against them, Plaintiffs can seek leave to add them as defendants at that time.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 26) is GRANTED.

2. Plaintiffs' First Amended Complaint (Doc. 17) is dismissed without prejudice.

3. Plaintiffs may file a Second Amended Complaint within fourteen (14) days of this Order.

4. Failure to file a Second Amended Complaint within fourteen (14) days may result in the dismissal of this case without further notice.

**DONE** and **ORDERED** in Tampa, Florida, on May 24th, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record